IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PURPLE INNOVATION, LLC, a
Delaware limited liability company,

     Plaintiff,

v.

WAYKAR, INC., a Florida
corporation, AMERICAN SERLEEP
INC., a Washington corporation,
SHENZHEN KAYSNO
TECHNOLOGY CO., LTD., a Chinese
limited company, JIANQIANG
HUANG, an individual, XIAOQIN
HUANG, an individual, LILI
HUANG, an individual, and
JUNWEN ZHENG, an individual,

     Defendants.

Case No.: 25-cv-266-CEH-SPF

## JOINT MOTION TO CONTINUE TRIAL AND
## EXTEND PRETRIAL DEADLINES BY FOUR MONTHS

Plaintiff Purple Innovation, LLC ("Purple") and Defendants Waykar, Inc.,

American Serleep Inc., Jianqiang Huang, and Xiaoqin Huang (collectively,

"Defendants," and together with Purple, the "Parties"), by and through

undersigned counsel, jointly move for a four-month continuance of the current

trial date and corresponding pretrial deadlines. In support of this Motion, the

Parties state as follows:

1.    On August 29, 2025, the Court entered an Order dismissing the Complaint as to Waykar, Inc., American Serleep Inc., Jianqiang Huang, and Xiaoqin Huang, with leave to replead within ninety (90) days. ECF 55.

2.    The deadline to file the amended complaint and any responsive pleadings overlaps with several significant pretrial deadlines under the current Case Management and Scheduling Order (ECF 30, "CMSO"), including expert disclosures, as well as the amended deadlines for the parties to add parties or amend the pleadings (ECF 47), and for Purple to effect service on Defendants Shenzhen Kaysno Technology Co., Ltd., Lili Huang, and Junwen Zheng (ECF 48).

3.    Defendants have not yet produced discovery, and Purple's prior motion to compel was denied as moot in view of the dismissal without prejudice. ECF 56.[1]

4.    The Parties agree that a continuance is warranted to allow the pleadings to be settled, discovery to proceed in an orderly manner, and to avoid unnecessary motion practice or duplicative efforts.

5.    Pursuant to the Revised Notice of Mediation, the parties agreed to mediation in this action on January 21, 2026. ECF 59.

---

[1] Plaintiff anticipates refiling the motion to compel following the filing of its amended complaint, unless Defendants serve discovery sooner.

6.    The Parties have conferred and jointly agree to continue the trial setting and corresponding pretrial deadlines by four (4) months.

7.    In particular, the Parties are requesting an extension certain case-related deadlines, as detailed below:

| EVENT | CURRENT DEADLINE | PROPOSED DEADLINE |
|---|---|---|
| Motion to Add Parties or to Amend Pleadings | October 23, 2025 | February 23, 2026 |
| Effect Service Upon Defendants | November 3, 2025 | March 3, 2026 |
| Disclosure of Expert Reports | | |
| Plaintiff: | November 3, 2025 | March 3, 2026 |
| Defendant: | December 3, 2025 | April 3, 2026 |
| Rebuttal: | December 18, 2025 | April 17, 2026 |
| File Amended Complaint (per ECF 55) | November 28, 2025[2] | No change |
| Discovery Deadline | February 27, 2026 | June 26, 2026 |

_____

[2] Ninety days from the date of the order is Thanksgiving Day, Thursday, November 27, 2025.

| EVENT | CURRENT DEADLINE | PROPOSED DEADLINE |
|---|---|---|
| Dispositive Motions, *Daubert*, and *Markman* Motions | March 31, 2026 | July 31, 2026 |
| *Meeting In Person* to Prepare Joint Final Pretrial Statement. | July 21, 2026 | November 20, 2026 |
| All Other Motions Including Motions *In Limine* | July 21, 2026 | November 20, 2026 |
| Final Pretrial Conference<br><br>Date:<br>Time:<br>Judge: | August 18, 2026<br>2:15 PM<br>Charlene Edwards Honeywell Courtroom 13A | At the court's convenience |
| Trial Briefs and Deposition Designations | August 11, 2026 | December 11, 2026 |
| Trial Term Begins | August 31, 2026 | At the court's convenience |
| Estimated Length of Trial | 6-8 Days | |
| Jury/Non-Jury | Jury | |
| Mediation<br><br>Deadline:<br>Mediator:<br>Address:<br><br><br><br>Telephone: | February 17, 2026<br>Jim Matulis<br>Chase Professional Park, 10906 Sheldon Road, Tampa FL 33626<br>(813) 451-7347 | No change |

8.    This requested extension is made in good faith and not for the purpose of delay. The requested continuance will promote judicial economy and allow the parties to efficiently complete discovery and pretrial preparation after the pleadings are finalized.

## MEMORANDUM OF LAW

Under Federal Rule of Civil Procedure 16(b)(4), case management and scheduling orders may be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also* Fed. R. Civ. P. 6(b); *Hill v. Allianz Life Ins. Co. of N. Am.*, No. 6:14-cv-950-ORL-41-KRS, 2015 WL 12838838, *4 (M.D. Fla. June 17, 2015).

A district court also has the inherent power and broad authority to police its own docket. *See Mingo v. Sugar Cane Growers Co-op. of Florida*, 864 F.2d 101, 102 (11th Cir. 1989); *Barber v. America's Wholesale Lender*, 289 F.R.D. 364, 366 (M.D. Fla. Feb. 25, 2013) (the court can decide the best manner to "achieve the orderly and expeditious disposition of cases"); *Rodriguez v. Accurate Inventory & Calculating Serv. of Fla.*, No. 8:10-cv-2402-T-24, 2012 WL 1438472, *1 (M.D. Fla. Apr. 25, 2012) (finding good cause existed to extend the discovery deadline by three months, as well as the other deadlines, due to the short amount of time available to complete discovery).

The Court considers the following for a motion to extend deadlines under Rule 6(b)(1)(B): "the danger of prejudice to the opposing party; the length of delay

and its potential impact on the judicial proceedings; the reason for the delay, including whether it was within the reasonable control of the movant; and whether the movant acted in good faith." *Sapphire Int'l Group, Inc. v. Allianz Glob. Risks US Ins. Co.*, No. 18-CV-80101-DMM, 2018 WL 8344838, at *2 (S.D. Fla. Sept. 26, 2018); (citations omitted).

The parties assert that good cause exists for the continuance of trial and extension of the pretrial schedule. The complaint initiating this action was filed on February 3, 2025. ECF 1. On August 29, 2025, the Court granted Defendants' motions to dismiss (ECF 22, 25). ECF 55. At the time of the dismissal, discovery was ongoing and Purple had a pending motion to compel discovery from Defendants. ECF 41. In the dismissal Order, the Court permitted Purple to take jurisdictional discovery and granted leave for Purple to file an amended complaint. ECF 55 at 33.

Promptly following the Order, on August 31, 2025, Purple propounded jurisdictional discovery on Defendants Serleep and Waykar, to which responses were due on September 30, 2025. Both Serleep and Waykar responded to the written discovery requests on October 6, 2025, but have not produced any responsive documents as of the date of this motion.

In light of the current procedural posture, and the need for Purple to obtain fulsome jurisdictional discovery from the Defendants and to amend the complaint

based upon such discovery as directed by the Court, the Parties respectfully request extension of the current pretrial schedules and a continuance of the trial. The Parties have moved promptly to bring this issue to the Court's attention after it became apparent that it will not be possible to meet the current pretrial deadlines while the pleadings are still not settled. The Parties agree that relief sought will not prejudice any party, and the Parties are jointly requesting the continuance and extension requested herein. The Parties, therefore, jointly submit that good cause exists to continue the trial and extend the pretrial deadlines by approximately four (4) months.

The Parties are mindful of the Court's admonition that "[m]otions to extend the dispositive motions deadline or to continue the trial are generally denied" and likewise that "[m]otions for an extension of other deadlines established in this Order, including motions for an extension of the discovery period, are disfavored." (ECF 30 at 5-6). However, the Parties submit that extending the pretrial schedule and continuing the trial will allow the Parties to prepare a more complete record for the Court. Even though discovery is underway, the case is still in its relative infancy given the state of the pleadings and Defendants' outstanding discovery obligations.

WHEREFORE, the Parties respectfully request that the Court enter an Order continuing the trial and extending all remaining pretrial deadlines by four (4)

months from their current dates as set forth above, or such other time as the Court deems appropriate.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), counsel for the parties conferred in good faith and jointly submit this motion.

Dated: October 16, 2025

Respectfully submitted,

*/s/ Jodi-Ann Tillman*
**SHUTTS & BOWEN LLP**
Patricia M. Flanagan
Florida Bar No. 58592
Lead Counsel
525 Okeechobee Boulevard
Suite 1100
West Palm Beach, Florida 33401
Telephone: (561) 835-8500
Email: pflanagan@shutts.com

Jodi-Ann Tillman
Florida Bar No. 1022214
201 East Las Olas Boulevard
Suite 2200
Fort Lauderdale, Florida 33301
Telephone: (561) 835-8500
Email: jtillman@shutts.com

Camila Chediak
Florida Bar No. 1039625
200 South Biscayne Boulevard
Suite 4100

Respectfully submitted,

*/s/ Steven L. Sugars*
Steven L. Sugars (Pro Hac Vice)
sugarslaw@gmail.com
**Law Offices of Steven L. Sugars**
3452 E. Foothill Blvd.
Suite 120
Pasadena, CA 91107
Telephone: (626) 243-3343

Tianshu Chen (Pro Hac Vice)
lawofficeoftsc@gmail.com
**ICW Law Corporation**
3452 E. Foothill Blvd.
Suite 322
Pasadena, CA 91107
Telephone: (626) 578-5338

*Counsel for Defendants*

Miami, Florida 33131
Telephone: (305) 358-6300
Email: cchediak@shutts.com

*Counsel for Plaintiff Purple Innovation, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 16, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF which will send a notice of electronic filing to all counsel of record.

*/s/ Jodi-Ann Tillman*
Jodi-Ann Tillman

WPBDOCS 22129698 2