IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| PURPLE INNOVATION, LLC, a Delaware limited liability company.<br><br>Plaintiff,<br><br>v.<br><br>WAYKAR, INC., a Florida corporation, AMERICAN SERLEEP INC., a Washington corporation, SHENZHEN KAYSNO TECHNOLOGY CO., LTD., a Chinese limited company, JIANQIANG HUANG, an individual, XIAOQIN HUANG, an individual, LILI HUANG, an individual, and JUNWEN ZHENG, an individual,<br><br>Defendants. | Case No.: 25-cv-266-CEH-SPF |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
SECOND MOTION COMPEL DISCOVERY FROM DEFENDANTS
WAYKAR, INC. AND AMERICAN SERLEEP INC.**

Defendants WAYKAR, INC. ("Waykar") and AMERICAN SERLEEP INC. ("Serleep") (hereinafter, collectively, "Defendants") hereby submit their Memorandum of Law, pursuant to M.D. Fla. L.R. 3.01 in opposition to "PURPLE INNOVATION, LLC'S MOTION TO COMPEL DISCOVERY FROM DEFENDANTS WAYKAR, INC. AND AMERICAN SERLEEP INC." filed in this case on 1/29/26, [Document 70].

**A. There is no need for the Court to Order further responses to the production of documents, or interrogatories, since Defendants are providing further responses as to the interrogatories and document demand, and the responses are served concurrently with this opposition.**

After meeting and conferring with Defendants' predecessor counsel, Defendants provided amended responses to the written discovery directed to them Plaintiff.

After undersigned counsel was retained, without giving a meaningful opportunity for new counsel to meet and confer, Plaintiff filed their initial motion to compel, which Defendants opposed.

Plaintiff's initial motion to compel became moot because the Court granted Defendants' motion to dismiss and ordered only jurisdictional discovery to proceed while Plaintiffs was granted leave to file an amended complaint.

Defendants complied with Plaintiff's jurisdictional discovery requests and provided satisfactory responses to the jurisdictional discovery.

Plaintiff filed an amended complaint on 11/27/2025.

Defendants answered the amended complaint on 12/15/2025, which was approximately one business day late, and simultaneously sought leave from the court to extend the time for answering.

In Defendants' motion for an extension undersigned counsel explained to the Court that he had inadvertently mis-calendared the deadline for the Answer. In his explanation, undersigned counsel informed the Court that his brother had a heart attack the day before Thanksgiving, his brother needed emergency heart surgery at that time, and the undersigned needed to go visit with him after the surgery and support him, so that the undersigned was distracted in supporting his brother in his time of need, and this led to his mi-calendaring the deadline.

Plaintiff opposed the motion, accusing undersigned counsel of being dilatory.

The Court disagreed and found that Defendants had moved promptly for an extension, that there was no prejudice, and, so, granted the motion.

With regard to the outstanding discovery, undersigned counsel agreed to provide further responses and informed Plaintiff's counsel that he was working with his clients to provide further responses in January of 2026. Unfortunately, Defendants were not able to get the responses ready and serve them before Plaintiff filed its instant motion to compel.

In their second motion to compel [DE70], Plaintiff provided tables detailing the discovery that Plaintiff wanted further responses to. Notably, such tables were not provided with the initial motion to compel which was denied as moot [DE41]. Also, such a detailed discussion was not included in the December 3rd letter, either [DE70-7]

Many of the persons most knowledgeable concerning the discovery at issue reside in China and there is a language barrier. After receiving the December 3rd letter, undersigned counsel informed opposing counsel that he was working on further responses with his clients and needed more time to obtain approval from his clients, many of whose representatives are in China and speak Mandarin, and that undersigned counsel does not speak Mandarin.

In addition, the same family issues that resulted in undersigned counsel missing the deadline to file the Answer by a business day, i.e., his brother's heart attack and surgery, inhibited and delayed undersigned counsel's ability to get further discovery responses completed, and approved by the clients.

The further written responses to the interrogatories and document demand, and responsive documents, referenced in the discovery responses as exhibits, are submitted

concurrently with this opposition. Various Exhibits referenced in the responses are served on Plaintiff's counsel concurrently. Due to their voluminous size, they are not filed.

**C. Defendants have provided responses to the document demands and interrogatories, the responses are adequate and the objections previously made were well taken, regardless.**

After meeting and conferring with Defendants' predecessor counsel, Defendants provided amended responses to the Requests for Production of Documents, interrogatories and admissions requests directed to them.

Although Defendants have agreed to provide further responses to the Requests for Production of Documents and interrogatories, undersigned counsel believes that the previous responses to the interrogatories and admissions requests previously provided were sufficient.

**D. It would not be appropriate to deem matters admitted, simply because the original responses the request for admissions was signed by an attorney not yet admitted, especially given the fact that the amended responses were signed by an attorney admitted to this Court**

Under Federal Rule of Civil Procedure 36(a)(3), a matter is admitted unless the responding party serves a written answer or objection within 30 days, signed by the party or its attorney. The rule does not specify that the attorney signing the response must be admitted to the specific court where the case is pending, only that the response must be signed by the party or its attorney USCS Fed Rules Civ Proc R 36.

**In the present case, the initial response was timely served, and the technical defect in the signature was subsequently cured by the amended response signed by an attorney admitted pro hac vice.**

**Courts in the Eleventh Circuit have emphasized that technical defects in responses, such as signature issues, are generally not sufficient grounds to deem matters admitted when the response was otherwise timely and proper. Rule 36(a)(6) grants courts discretion to order an amended answer rather than deeming matters admitted when a response is deficient USCS Fed Rules Civ Proc R 36, Fletcher v. Great Am. Ins. Co., 2010 U.S. Dist. LEXIS 149460. Furthermore, sanctions that prevent resolution on the merits are disfavored when less severe alternatives are available USCS Fed Rules Civ Proc R 36.**

**In the Eleventh Circuit, courts apply a two-part test under Rule 36(b) when considering whether to permit withdrawal or amendment of admissions: (1) whether it would promote the presentation of the merits, and (2) whether the requesting party would be prejudiced in maintaining or defending the action on the merits Prophete v. Peugh, 2022 U.S. Dist. LEXIS 90777, Bernath v. Seavey, 2017 U.S. Dist. LEXIS 69986, Essex Builders Group, Inc. v. Amerisure Ins. Co., 230 F.R.D. 682. The focus is on the effect on the litigation and prejudice to the requesting party, not on the responding party's excuse for the defect. A district court abuses its discretion if it applies criteria beyond this two-part test or grossly misapplies it Essex Builders Group, Inc. v. Amerisure Ins. Co., 230 F.R.D. 682, Great Am. Ins. Co. v. Mueller, 2021 U.S. Dist. LEXIS 99151.**

**Given that the response was timely and the defect was cured by the amended response signed by a properly admitted attorney, it would be improper for the court to deem the matters admitted solely as a sanction for the initial technical defect. Such a sanction would not align with the principles of Rule 36, which prioritize resolution on the merits and discourage overly punitive measures for curable procedural errors [USCS Fed Rules Civ Proc R 36](#), [Fletcher v. Great Am. Ins. Co., 2010 U.S. Dist. LEXIS 149460](#), [Essex Builders Group, Inc. v. Amerisure Ins. Co., 230 F.R.D. 682](#), [Great Am. Ins. Co. v. Mueller, 2021 U.S. Dist. LEXIS 99151](#).**

### E. CONCLUSION

Hence, the Motion to deem matters admitted AND to compel further responses, and for sanctions should be denied, either as moot, or because adequate responses have been provided.

Date: February 12, 2026              Respectfully submitted,

/s/ Steven L. Sugars

Steven L. Sugars
California Bar Number: 154799
Admitted Pro Hac Vice
Law Offices of Steven L. Sugars
3452 E. Foothill Blvd., Ste. 120
Pasadena, CA 91107
Tel: 626-243-3343
Fax: 626-609-0439
Email: sugarslaw@gmail.com
Attorney for Defendants

Copies furnished to: All Counsel of Record