UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PURPLE INNOVATION, LLC,

    Plaintiff,

v.     Case No. 8:25-cv-266-CEH-SPF

WAYKAR, INC. and
AMERICAN SERLEEP INC.,

    Defendants.
_____/

**ORDER**

Before the Court is Defendants' Time Sensitive Motion for Protective Order to Allow Remote Depositions and/or Pending Decision on the Motion to Stay Taking of Depositions. (Doc. 74). The Court directed Plaintiff Purple Innovation to respond, and it responded in opposition. (Docs. 76, 79). Upon consideration, Defendants' motion is denied.

Plaintiff issued a notice of deposition for the corporate representative of Defendant Waykar and Defendant American Serleep on February 4, 2026. (Docs. 74, 74-1, 74-2). Defendant Waykar is a Florida corporation and Defendant American Serleep is a Washington corporaton. (Doc. 65 at 2). The depositions were to occur on February 23 and 24 in Tampa, Florida. (*Id.*). The deposition dates, however, were pushed back following an agreement between the parties in which Plaintiff agreed to the extension in exchange for the extension of certain case deadlines, including the deadline to amend the pleading. (Doc. 74 at 2-3). Accordingly, on February 20, Plaintiff reissued the notices of deposition to Defendants for the depositions to occur on March 2 and March 3 in Tampa, Florida. (Docs. 74, 74-1, 74-2). On the same day, Defendants identified Ms. Xia Gao as the corporate

representative that would be deposed for both Defendants. (Doc. 74). Ms. Gao, however, is purportedly in China and does not have a visa to enter the United States. (*Id.*).

By way of Defendants' motion, they ask that Ms. Gao be permitted to travel to Hong Kong to be deposed remotely because she would be unable to obtain a visa to enter the United States before the March 2 deposition. (*Id.*). Ms. Gao would travel to Hong Kong because she is able to travel more easily to the city and Hong Kong is not subject to the restrictions that China places on remote participation in court proceedings. (*Id.*). Plaintiff responded that it would be prejudiced by a remote deposition because of the difficulties associated with video conferencing especially where a translator is required. (Doc. 79). Plaintiff also argues that Defendants have provided insufficient evidence to establish the unavailability of a United States-based corporate representative. (*Id.*) The Court agrees with Plaintiff, at least in part.

Upon a showing of good cause, a court may issue an order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed R. Civ. P. 26(c)(1). The party seeking a protective order bears the burden of demonstrating good cause. Although hard to define, good cause typically signifies a sound basis or legitimate need for judicial action. *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987). Under the good cause standard, the court must balance the competing interests of the parties. *McCarthy v. Barnett Bank of Polk Cty.*, 876 F.2d 89, 91 (11th Cir. 1989). Additionally, courts have broad discretion in dealing with discovery matters. *Perez v. Miami-Dade Cty.*, 297 F.3d 1255, 1263 (11th Cir. 2002).

Here, Defendants state that Ms. Gao does not have a visa that would permit her to enter the United States for the depositions and that she is the most appropriate corporate representative but provides no evidence to support these allegations. As Plaintiff discusses,

2

there are at least five individuals based in the United States who appear to be qualified corporate representatives. Defendants make no mention of the existence, qualification, or availability of these witnesses. Indeed, Defendants admitted in their answer that they are corporations with bases of operation in the United States and then waited until the eve of the depositions to designate Ms. Gao.

As for Plaintiff, while the Court is unconvinced that the nature of remote depositions is sufficiently prejudicial to warrant denying a motion for a protective order, *Caballero v. Colombia*, 2023 WL 12082419, at *3-4 (S.D. Fla. Apr. 22, 2023) (collecting cases), Plaintiff's interest in an in-person deposition of a knowledgeable corporate representative is, *Eletson Holdings Inc. v. Levona Holdings Ltd.*, 2025 WL 1950728, at *1-2 (S.D.N.Y. July 16, 2025), reconsideration denied, 2025 WL 2084365 (S.D.N.Y. July 2, 2025). As the Court in *Eletson* stated, "[t]here are few, if any, more critical witnesses" than corporate representatives. *Id.* at 2. The Court is also concerned that Defendants designated a corporate representative residing in a country that Defendants knew or should have known placed restrictions on remote depositions as Plaintiff would be plainly prejudiced if Ms. Gao is unable to get to Hong Kong.

Having balanced the competing interests of the parties, the Court finds that Defendants have not demonstrated good cause for a protective order. Accordingly, the Court ORDERS:

(1) Plaintiff's Motion for Protective Order Regarding Deposition Location (Doc. 74) is **DENIED**.

3

**ORDERED** in Tampa, Florida, on February 27, 2026.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE